IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00183-MR

| | |
|---|---|
| **TRESSIN EUGENE YOUNG,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **ERIK A. HOOKS,** ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's "Response Why Writ of Habeas Corpus Should Not Be Dismissed as Untimely" [Doc. 4].

**I.  BACKGROUND**

The Petitioner Tressin Eugene Young is a prisoner of the State of North Carolina. In May 2007, the Petitioner proceeded to a jury trial in the Superior Court for Iredell County on one count of first-degree burglary and two counts of robbery with a dangerous weapon. State v. Young, 191 N.C. App. 612, 664 S.E.2d 78, 2008 WL 2967666, at *1 (2008) (unpublished table decision). The North Carolina Court of Appeals summarized the evidence presented at trial as follows:

> The State presented evidence tending to show that between 9:00 and 9:30 p.m. on 20 July 2005,

> Heather Reavis walked out of her boyfriend's apartment (hereinafter "apartment") in Statesville to retrieve a duffle bag from her car. As she walked back toward the apartment, two men armed with guns came running at her from behind. She screamed and dropped the duffle bag. One of the men grabbed her by the arm and, holding a gun to her, took her inside the apartment. Emily Buck, who was inside the apartment, heard Ms. Reavis scream. Ms. Buck opened the door to the apartment and saw two masked men holding Ms. Reavis by the arms and pointing guns at her. One of the men pointed a gun at Ms. Buck and the two men entered the apartment with Ms. Reavis.
>
> The two men ordered all of the occupants who were gathered in a back bedroom to lie on the floor. The men covered them with sheets and blankets. A fifth occupant, who was in another room, heard a commotion and came into the back bedroom to investigate. As he walked in the door, one of the perpetrators, identified as defendant, hit him and knocked him unconscious.
>
> Uttering threats to shoot or kill the occupants, the perpetrators demanded money and marijuana from them. The two men walked through the apartment looking for items to steal. The men seized cash, car keys and a cell phone.
>
> Officers of the Statesville Police Department arrived at the apartment while the crimes were in progress. One of the two men escaped through a window. [The Petitioner] attempted to escape but was apprehended by the police officers inside the apartment.

Id. at *1. At the close of the State's evidence, the Petitioner made a motion to dismiss the charges, which motion was denied. Id. The Petitioner did not

2

Case 5:18-cv-00183-MR   Document 6   Filed 08/04/20   Page 2 of 10

present any evidence. Id. The jury found the Petitioner guilty on all three counts. Id. On May 4, 2007, the trial court sentenced the Petitioner to three consecutive terms of 77 to 102 months' imprisonment. Id.

The Petitioner appealed, arguing that the charge of first-degree burglary should have been dismissed for insufficient evidence and that the robbery indictments failed to allege all of the essential elements of the offense and therefore were fatally defective. Id. On August 5, 2008, the North Carolina Court of Appeals affirmed, finding no error. Id. at *2. The Petitioner did not file a petition for discretionary review in the North Carolina Supreme Court.

Ten years later, on August 20, 2018, the Petitioner filed a motion for appropriate relief ("MAR") in the trial court, claiming that the prosecutor in his case failed to disclose exculpatory material evidence to the defense prior to trial, in violation of Brady v. Maryland, 373 U.S. 83 (1963); that trial counsel was ineffective in failing to investigate evidence related to the gun used in the offenses; and that the trial judge abused her discretion by allowing the Petitioner's trial to continue after it was discovered that the prosecutor had failed to disclose exculpatory material evidence to the defense prior to trial. [Doc. 1 at 7-17: MAR]. The trial court denied the MAR by a written order entered September 19, 2018. [Doc. 1 at 22: MAR Order]. Thereafter, the

3

Case 5:18-cv-00183-MR   Document 6   Filed 08/04/20   Page 3 of 10

Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR. The Court of Appeals denied that petition on November 6, 2018. [Doc. 1 at 28: Order Denying Petition].

The Petitioner filed the present Petition pursuant to 28 U.S.C. § 2254 on November 15, 2018. [Doc. 1]. In his Petition, the Petitioner reasserts the claims set out in his MAR. [Doc. 1].

On December 10, 2018, this Court[1] entered an Order, noting that the Petition appeared to be time-barred under § 2244(d)(1)(A) and was thus subject to dismissal unless the Petitioner could demonstrate that equitable or some other statutory tolling should apply. [Doc. 3]. The Court gave the Petitioner 21 days to file a response explaining why his Petition should not be dismissed as untimely. [Id.]. The Petitioner timely filed his Response. [Doc. 4].

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any

---

[1] The Honorable Frank D. Whitney, United States District Judge presiding. This matter was subsequently reassigned to the undersigned.

attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the Court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). However, the Court may dismiss a petition as untimely under Rule 4 only if it is clear that the petition is untimely and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for a § 2254 petition by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

5

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

As the Court noted previously [Doc. 3], the Petitioner's Petition was not filed within one year of his judgment becoming final. See 28 U.S.C. § 2254(d)(1)(A). Thus, unless the Petitioner can demonstrate that subsections (B), (C) or (D) are applicable, or that there is a basis for equitable tolling, his Petition is subject to dismissal as being untimely.

In his Response to the Court's Order, the Petitioner argues that his Petition should be considered timely under § 2244(d)(1)(D) on the grounds of newly discovered evidence. Alternatively, he appears to contend that equitable tolling should apply, arguing that a fundamental miscarriage of justice occurred at his trial and thus the denial of his habeas petition as untimely would result in a "manifest injustice." [Doc. 4].

**A.  Newly Discovered Evidence**

The Petitioner first contends that his petition is timely under § 2244(d)(1)(D) because he found newly discovered evidence with respect to his Brady claim when he obtained a part of his trial transcript in June 2018. [Doc. 4 at 1].

6

This argument is without merit. First, any information contained within the Petitioner's trial transcript does not, by its nature, constitute "newly discovered evidence." In any event, under § 2244(d)(1)(D), a claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovery through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, "by its terms, § 2244(d)(1)(D) is triggered not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he '*could have . . .* discovered' it." Sawyer v. Kiser, No. 1:16cv40 (GBL/TCB), 2017 WL 631574, at *4 (E.D. Va. Feb. 15, 2017). Here, whatever information the Petitioner gleaned from his trial transcript could have been discovered much earlier than June 2018. Indeed, as the Petitioner was present at his trial and thus presumably was able to hear everything that was transcribed, any information that is contained in the transcript has been available to the Petitioner since the time of his jury trial in May 2007.

For these reasons, the Court concludes that the Petitioner's Petition cannot be considered timely filed under § 2244(d)(1)(D).

## B. Equitable Tolling

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Here, the Petitioner argues that equitable tolling should apply because he "was not aware of the (AEDPA) one-year statute of limitation[s] during [his] direct appeal" and because his appellate counsel "failed to inform [him] that there was a time limit to file in federal court on appeal from an MAR." [Doc. 4 at 1]. A petitioner's ignorance of the law, however, "is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003)). Moreover, any alleged mistake by appellate counsel in failing to properly

8

advise the Petitioner of the statute of limitations applicable to a subsequent habeas proceeding does not constitute "extraordinary circumstances" warranting the application of equitable tolling. See Rouse, 339 F.3d at 248; see also Goedeke v. McBride, 437 F. Supp. 2d 590, 597 (S.D.W. Va. 2006) ("simple attorney negligence cannot justify equitable tolling"). For these reasons, the Court concludes that the Petitioner has failed to demonstrate the "extraordinary circumstances" necessary to warrant the application of equitable tolling of the statute of limitations in this case.[2]

## IV. CONCLUSION

For the reasons stated herein, the Petition for Writ of Habeas Corpus is untimely under 28 U.S.C. § 2244(d)(1), and the Petitioner is not entitled to equitable tolling of the statute of limitations. Accordingly, the § 2254 Petition shall be dismissed.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. Accordingly, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v.

---

[2] Even assuming that the Petitioner could demonstrate extraordinary circumstances, the Petitioner has failed to show that he acted with reasonable diligence in asserting his rights, as the Petitioner did not seek any post-conviction remedies in the North Carolina until *ten years* after the North Carolina Court of Appeals denied his direct appeal.

9

Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED** as untimely pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 4, 2020

Martin Reidinger
Chief United States District Judge